**Feng CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent,**

**Docket No. 03–40041.**

United States Court of Appeals, Second Circuit.

June 29, 2005.

Gary J. Yerman, New York, N.Y. (on submission), for Petitioner.

Jo E. Lawless, Assistant United States Attorney, for David L. Huber, United States Attorney for the Western District of Kentucky, Louisville, KY (on submission), for Respondent.

PRESENT: CALABRESI, B.D. PARKER, Circuit Judges, and MUKASEY * District Judge.

---

* The Honorable Michael B. Mukasey, Chief Judge, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Petitioner Feng Chen ("Chen"), a citizen of the People's Republic of China, petitions for review of December 20, 2002 order of the Board of Immigration Appeals ("BIA"), summarily affirming a April 27, 1999 decision of an Immigration Judge ("IJ"). The IJ rejected Chen's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3). Chen's motion for reconsideration by the BIA was denied on May 30, 2003.

We assume familiarity with the facts, the procedural history, and the issues on appeal.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (internal quotation omitted); *see also Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly).

Chen's appeal makes a number of arguments, some of which are not without merit. We mention in particular that the IJ probably erred in its reading of the Country Conditions Report issued by the Department of State regarding the extent to which Chinese families who have children overseas are exempted from the government's one-child policy. And, the IJ's findings regarding the alleged vagueness of Chen's claims and the lack of detail provided in his I–589 application are not clearly supported by substantial evidence.

Also, between the BIA's summary affirmance and its denial of Chen's motion to reconsider, the State Department issued a new Country Conditions Report for China, which was considerably different from the previous version included in the administrative record. We therefore note our concern with situations in which the BIA, after delaying its review of a petitioner's case for years, summarily affirms (and then reaffirms) the IJ's opinion notwithstanding the fact that new State Department reports have been issued which supersede those relied on by the IJ. *Cf. Yang v. McElroy*, 277 F.3d 158, 162 (2d Cir. 2002) (per curiam); *Berishaj v. Ashcroft*, 378 F.3d 314, 317 (3d Cir.2004); *cf. also Dobrota v. INS*, 195 F.3d 970, 973 (7th Cir.1999) (taking *sua sponte* judicial notice of updated country condition reports that were crucial to its decision).

Nevertheless, the IJ's decision finding no credible evidence of past persecution and no likelihood of future persecution is, in the case before us, supported by substantial evidence and untainted by any of the possibly improper conclusions described above. In particular, Chen introduced no evidence of past persecution for his alleged involvement in pro-democracy student protests and did not claim that either he or a spouse was subjected to or threatened with sterilization, abortion, or other coercive birth control measures. And, in alleging that he and his new wife would be subject to such treatment if they were to return to China and there have more children than China's one-child policy would permit, Chen has failed to present a concrete claim of future persecution. *See Guan Shan Liao v. U.S. DOJ*, 293 F.3d 61, 72 (2d Cir.2002) (rejecting claims of future persecution as being factually unfounded); *Lin v. Ashcroft*, 385 F.3d 748, 757 (7th Cir.2004) (noting that asylum will not be available to all petitioners who claim, without any particularized showing, that they might, if returned to China, be subject to coercive family planning measures).

We have considered all of Chen's claims and find them to be without merit. The petition for review is therefore DENIED.